IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ARRON MICHAEL LEWIS
ADC #151373                                                                                                                                                                                                    PLAINTIFF

V.                       CASE NO. 5:15-CV-00058 JM/BD

WENDY KELLEY, et al.                                                                           DEFENDANTS

### RECOMMENDED DISPOSITION

**I.**      **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. A party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**      **Background:**

Arron Michael Lewis, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights. (Docket entry #2) Specifically, Mr. Lewis complains that: an ADC policy unconstitutionally prohibited him from possessing more than five photographs;

ADC officials tampered with his legal mail; Defendant Outlaw unconstitutionally prohibited him from corresponding with his wife, an inmate in the Pulaski County Regional Detention Facility; and Defendants retaliated against him.

After the Court dismissed Mr. Lewis's retaliation claim, the Defendants moved to dismiss Mr. Lewis's remaining claims. (#14) The Court allowed Mr. Lewis to proceed on his claim that Defendant Outlaw unconstitutionally prohibited him from corresponding with his wife, and dismissed his remaining claims. (#19)

Defendant Outlaw has now moved for summary judgment on Mr. Lewis's first amendment claim. (#26) Mr. Lewis has responded to the motion and has moved for preliminary injunctive relief. (#30, #31, #32, #37)

The Court recommends that Defendant Outlaw's motion for summary judgment (#26) be GRANTED. Mr. Lewis's first amendment claim against Defendant Outlaw should be DISMISSED, with prejudice. In addition, his motion for preliminary injunctive relief (#37) should be DENIED, as moot.

### III. Discussion:

In a summary judgment, the court rules in favor of a party before trial. A party is entitled to summary judgment if the evidence, viewed in the light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,*

477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

Here, Defendant Outlaw presented evidence to support his contention that there is no real dispute about any of the material facts, that is, facts that would make a difference in how the case is decided. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). That placed the burden on Mr. Lewis to come forward with evidence showing that important facts really are in dispute. If he has not carried that burden, the Court must grant summary judgment in favor of Defendant Outlaw; and there will be no trial. *Celotex Corp.,* 447 U.S. at 322–23, 106 S.Ct. at 2552.

Mr. Lewis alleges that in November 2014, while he was housed at the Tucker Maximum Security Unit ("Tucker Max"), Defendant Outlaw, the Deputy Warden of Tucker Max, denied Mr. Lewis's request to correspond with his wife, then an inmate at the Pulaski County Regional Detention Facility. It is undisputed that, in March 2015, Mr. Lewis was granted permission to correspond with his wife. In addition, in July 2015, Mr. Lewis was transferred to the Varner Supermax Unit of the ADC. Mr. Lewis explains that, since his transfer, he has not been permitted to correspond with his wife.

Because Mr. Lewis seeks only declaratory and injunctive relief in his complaint, Defendant Outlaw argues that Mr. Lewis's claims are now moot, and must be dismissed. Mr. Lewis has responded to the motion arguing that, because he sued Defendant Outlaw in his official capacity, he has sued the State of Arkansas, including its agencies.

Therefore, Mr. Lewis contends, he should be allowed to seek prospective injunctive relief against the ADC and any ADC staff members. The Court is not persuaded.

First, Mr. Lewis obtained the relief requested in his complaint when he was granted permission to correspond with his wife in March 2015.

Second, because Mr. Lewis has been transferred to another ADC facility, he is no longer subject to Defendant Outlaw's control. It is undisputed that Defendant Outlaw has no authority over the inmates housed at the Varner Supermax Unit. The law is settled that "an inmate's claims for declaratory and injunctive relief to improve prison conditions [is] moot when he [is] transferred to another facility and no longer subject to those conditions." *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999).

Third, although Mr. Lewis complains that he has not been allowed to correspond with his wife since his transfer to the Varner Supermax Unit, it is undisputed that on October 17, 2014, Mr. Lewis's wife filed for divorce in state court. See Pulaski County Circuit Court Case No. 60DR-14-4528.

Finally, Mr. Lewis argues that he should be allowed to proceed on his claims for injunctive relief under the Ex parte Young doctrine. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908). Under the Young doctrine, state officials can be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment. Here, it is undisputed that Mr. Lewis obtained the relief that he sought in his original complaint in March 2015. Although he claims that he is currently being denied the ability

to correspond with his (apparently estranged) wife, he should not be allowed to pursue that claim in this lawsuit. If Mr. Lewis seeks prospective injunctive relief against the ADC officials who have denied him the ability to correspond with his wife since his transfer to the Varner Supermax Unit, he should file a new lawsuit after fully exhausting his administrative remedies regarding that claim. To allow him to proceed on that claim in this lawsuit would be futile because he could not have exhausted such a claim against Varner Supermax officials prior to filing this lawsuit.

## IV.   Conclusion:

The Court recommends that Defendant Outlaw's motion for summary judgment (#26) be GRANTED. Mr. Lewis's first amendment claim against Defendant Outlaw should be DISMISSED, with prejudice. Mr. Lewis's motion for preliminary injunctive relief (#37) should be DENIED, as moot.[1]

Dated this 11th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In his motion for preliminary injunctive relief, Mr. Lewis alleges that he was transferred in retaliation for refusing to dismiss this lawsuit. Mr. Lewis cannot include that claim in this lawsuit. He is not prohibited, however, from asserting that claim in a new lawsuit after fully exhausting his administrative remedies.